UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEREMY HAMILTON                                                                PLAINTIFF

v.                                          No. 2:20-CV-02054

JEROMY BREWSTER, et al.                                                   DEFENDANTS

## OPINION AND ORDER

Before the Court are Defendants Jeromy Brewster, Penske Truck Leasing Co. ("Penske"), and Ruffin Trucking LLC's ("Ruffin") motion (Doc. 36) for partial summary judgment, brief (Doc. 37) in support, and a statement of facts (Doc. 38). Plaintiff Jeremy Hamilton filed a response (Doc. 41), brief (Doc. 42) in opposition, and statement of facts (Doc. 43). Defendants also filed a motion (Doc. 44) to strike late expert opinions and disclosures or in the alternative to continue the trial date. Plaintiff filed a response (Doc. 45). For the reasons set forth below, Defendants' motion (Doc. 36) for partial summary judgment will be GRANTED. Defendant's motion (Doc. 44) to strike or continue will be DENIED IN PART and GRANTED IN PART.

## I.    Background

Plaintiff was involved in a vehicular accident with Defendant Jeromy Brewster on March 17, 2017. At the time of the accident Mr. Brewster was acting within the course and scope of his employment with Defendant Ruffin. Defendant Penske is the owner and lessor of the tractor trailer Mr. Brewster was driving at the time of the accident. Ruffin leased the tractor trailer from Penske. Plaintiff filed a complaint against Defendants in the Circuit Court of Sebastian County alleging claims for negligence. Specifically, Plaintiff asserted Ruffin and Penske were independently negligent under theories of negligent hiring, failure to properly train, failure to supervise, and failing to act as a reasonably prudent company under the circumstances.

1

On April 10, 2020, Defendants removed the case to this Court.  Trial is currently set for October 18, 2021.  Defendant's motion argues partial summary judgment is appropriate because Ruffin has admitted Mr. Brewster was acting as its employee and agent, therefore, Plaintiff cannot pursue an additional theory of negligence.  The motion further argues claims against Penske must be dismissed under the Graves Amendment, 49 U.S.C. § 30106, because Penske is a lessor and is not liable for any harm resulting from the negligent use of its equipment.

II.     **Legal Standard**

On a motion for summary judgment, the Court views the record in the light most favorable to the nonmoving party and grants all reasonable factual inferences in the nonmovant's favor, and only grants summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Haggenmiller v. ABM Parking Servs., Inc.*, 837 F.3d 879, 884 (8th Cir. 2016).  The nonmovant may not rely only on allegations in the pleadings, but must identify specific and supported facts that will raise a genuine and material issue for trial.  *Ryan v. Cap. Contractors, Inc.*, 679 F.3d 772, 776 (8th Cir. 2012) (quoting *Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc.*, 111 F.3d 1386, 1393 (8th Cir. 1997)).  Facts are material when they can "affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Disputes are genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  "While the burden of demonstrating the absence of any genuine issue of material fact rests on the movant, a nonmovant may not rest upon mere denials or allegations, but must instead set forth specific facts sufficient to raise a genuine issue for trial."  *Haggenmiller*, 837 F.3d at 884 (quotations omitted).

### III.   Analysis

#### A.   Negligence Against Ruffin

Defendants argue any direct negligence claims against Ruffin must be dismissed because Ruffin has admitted Mr. Brewster was acting as its employee and agent.  "When a defendant denies liability, no problem is encountered by allowing a plaintiff to proceed under two consistent theories of recovery such as respondeat superior and negligent entrustment."  *Elrod v. G & R Const. Co.*, 628 S.W.2d 17, 18 (Ark. 1982) (citation omitted).  However, under Arkansas law, "when an employer admits vicarious liability, the plaintiff[] [is] allowed to maintain only one theory of recovery."  *Perry v. Stevens Transp.*, No. 3:11CV00048 JLH, 2012 WL 2805026, at *6 (E.D. Ark. July 9, 2012) (citing *Kyser v. Porter*, 548 S.W.3d 128, 132 (Ark. 1977); *Elrod*, 628 S.W.2d at 19)).  An exception applies if a plaintiff has a valid claim for punitive damages against the defendant employer based on the employer's independent negligence.  *Id.* (citing *Wheeler v. Carlton*, No. 3:06-CV-00068, 2007 WL 30261, at *12 (E.D. Ark. Jan. 4, 2007)).

Here, Ruffin admitted in its answer that Mr. Brewster was acting as Ruffin's agent at all relevant times.  Despite this admission, Plaintiff argues summary judgment is not proper because neither party has offered any proof and the proper avenue would be a motion to dismiss or a motion in limine.  The Court disagrees.  Because Ruffin has conceded vicarious liability for any negligent acts of Mr. Brewster, Plaintiff cannot proceed against Ruffin on additional theories of negligent hiring, supervision, or training.  Plaintiff also does not have a claim for punitive damages, therefore, the exception does not apply.  Plaintiff's direct negligence claims against Ruffin are dismissed.

### B.      Graves Amendment

Defendant Penske is entitled to summary judgment on all of Plaintiff's claims against it.

The Graves Amendment to the Safe, Accountable, Flexible, Efficient Transportation Equity Act

provides

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an
> affiliate of the owner) shall not be liable under the law of any State or political
> subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of
> the owner), for harm to persons or property that results or arises out of the use,
> operation, or possession of the vehicle during the period of the rental or lease, if
>       (1) the owner (or an affiliate of the owner) is engaged in the trade or
> business of renting or leasing motor vehicles; and
>       (2) there is not negligence or criminal wrongdoing on the part of the owner
> (or an affiliate of the owner).

49 U.S.C. § 30106(a).   "Although the Graves Amendment prohibits vicarious liability claims

against owners of leased vehicles, the Graves Amendment contains a savings clause which allows

an owner of a leased vehicle to be found directly liable for the owner's negligence or criminal

wrongdoing." *Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 456-57 (8th Cir. 2010)

(citation omitted).  Defendant argues Plaintiff's claims against Penske must be dismissed because

Penske is the lessor of the tractor trailer, not Mr. Brewster's employer, and any negligence claims

against Penske are barred by the Graves Amendment.  Plaintiff concedes claims against Penske

should be dismissed.  Because any negligence claims against Penske are barred by the Graves

Amendment, Plaintiff's claims against Penske are dismissed.

### C.      Motion to Strike

Defendants also filed a motion to strike Plaintiff's supplemental expert reports as untimely,

or in the alternative to continue the trial date.  Defendants argue Plaintiff produced two

supplemental reports past the deadline set forth in the Court's scheduling order.  The Court's

deadline for discovery was August 2, 2021, but the scheduling order allows the parties to conduct

4

discovery beyond that date by agreement.  Here, the parties have agreed to extend discovery to conduct various depositions.  Although Plaintiff's reports were disclosed past the deadline, the parties' discovery extension so close to the trial date leads the Court to believe significant discovery still needs to be conducted in this case.  Defendant's motion indicates discovery is ongoing in this case and Plaintiff's response also requests a continuance to allow for a longer discovery period.  The Court will deny the motion to strike[1] but will continue the trial date.  An amended final scheduling order will be entered separately.

## IV.  Conclusion

IT IS THEREORE ORDERED that Defendants' motion (Doc. 36) for partial summary judgment is GRANTED.  Plaintiff's claims against Penske are DISMISSED WITH PREJUDICE. Plaintiff's direct negligence claims against Ruffin as also DISMISSED WITH PREJUDICE. Plaintiff's negligence claim against Mr. Hamilton and vicariously liability claim against Ruffin remain pending for trial.

IT IS FURTHER ORDERED that Defendants' motion (Doc. 44) is DENIED IN PART and GRANTED IN PART.  The motion to strike is denied.  The Court will, however, grant the motion to continue and an amended final scheduling order will be entered.

IT IS SO ORDERED this 16th day of September, 2021.

*/s/ P. K. Holmes,* III

P. K. HOLMES, III
U.S. DISTRICT JUDGE

---

[1] The Court will not strike the reports from the record, as striking is contemplated by the Federal Rules of Civil Procedure as a remedy only for "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and even then, only for when that material appears in a pleading.  Fed. R. Civ. P. 12(f).  The relief appropriately requested when an opposing party fails to make a required disclosure is exclusion from evidence.  Fed. R. Civ. P. 37(c).